IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS GUARANTEED STUDENT LOAN CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:07-CV-438-BH |
| ARRANGEMENTS, INC. | § § § | |
| Defendant. | § | Consent Case |

## MEMORANDUM OPINION

Pursuant to the District Court's *Order Transferring Case to Magistrate*, filed November 3, 2008, this matter has been transferred for the conduct of all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c). Before the Court is the *Motion for Summary Judgment of Texas Guaranteed Student Loan Corporation* (docket #33), filed May 26, 2009. Based on the pertinent filings and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Texas Guaranteed Student Loan Corporation ("TGSLC") is a guarantor in the Federal Family Education Loan Program ("FFELP"). (Mot. App. at 2, ¶1). TGSLC is the current owner and holder of certain promissory notes executed by Jenny R. Thurman ("Thurman") for federally guaranteed student loans. (*Id*. ¶2). Thurman is an employee of Defendant Arrangements, Inc. *Id*. On April 9, 2003, TGSLC issued and mailed to Arrangements an Order of Withholding From Earnings ("Order") directing Arrangements to withhold 10% of Thurman's disposable pay. (*Id.* ¶3; Mot. App. at 5). On September 27, 2006, TGSLC issued and mailed to Arrangements an Amended Order of Withholding From Earnings ("Amended Order") directing Arrangements to

withhold 15% of Thurman's disposable pay. (Mot. App. at 3, ¶4; Mot. App. at 6). Under the Amended Order, Arrangements was required to withhold $11,760.00 of Thurman's wages from April 2003 through October 2008. (Mot. App. at 3, ¶5; Mot. App. at 5-6; *see id.* at 9- 22). During that time, Arrangements remitted only $7,549.90 to TGSLC, which is $4,210.10 less than required to be remitted. (Mot. App. at 3, ¶6). TGSLC incurred $1,800.00 in attorney's fees and $510.00 in court costs in prosecuting this action. (Mot. App. at 7-8).

On March 9, 2007, TGSLC filed this action seeking to collect from Arrangements Thurman's wages that should have been withheld, but were not. After unsuccessful attempts at a settlement, TGSLC filed a motion for summary judgment on May 26, 2009. TGSLC seeks damages in the amount of $6,520.10, which represents the sum of $4,210.10 in wages that were not withheld, $1,800.00 in attorney's fees, and $510.00 in court costs. TGSLC also seeks an injunction to require Arrangements to withhold and remit the proper amount of money from Thurman's wages until the defaulted student loan is repaid in full or until Thurman no longer works for Arrangements. Arrangements did not file a response.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no

genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment nonmovant

who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp.2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F.Supp. at 1002).

### III. ANALYSIS

TGSLC moves for summary judgment on its collection action and request for injunctive relief.

**A.     Collection Action**

Under the Higher Education Act of 1965, the Secretary of Education or a guaranty agency has the authority to collect defaulted student loans by administrative garnishment of up to 15 percent of the defaulting party's disposable pay. 20 U.S.C. § 1095a(a)(1); *see Educational Credit Mgmt. Corp. v. Cent. Equip. Co.*, 477 F.Supp.2d 788, 792 (E.D. Ky. 2007); *Green v. Kentucky Higher Educ. Assistance Authority*, 78 F.Supp.2d 1259, 1263 (S.D. Ala. 1999). Upon receipt of an administrative wage withholding order, "the employer shall pay to...the guaranty agency as directed in the withholding order issued in [the administrative] action." 20 U.S.C. § 1095a(a)(6). If the employer fails to follow the order, then it shall be liable to the guaranty agency for any amount the employer failed to withhold plus attorney's fees and costs; in the court's discretion, it may also assess punitive damages. *Id.* The language of the statute is mandatory; the only defense available is for the debtor to challenge the existence or the amount of debt. 20 U.S.C. § 1095a(a)(5) and (6); *Cent. Equip.*, 477 F.Supp.2d at 792; *Educ. Credit Mgmt. Corp. v. Cherish Prods., Inc.*, 312

F.Supp.2d 1183, 1186 (D. Minn. 2004).

Here, TGSLC moves for summary judgment on the grounds that it is entitled to collect $6,510.10 from Arrangements, citing the two orders it sent to Arrangements to withhold 10 percent and then 15 percent of Thurman's disposable pay.  (Mot. App. at 2-3, ¶¶3, 4; Mot. App. at 5-6). TGSLC also cites to a sworn statement that Arrangements failed to withhold and remit $4,210.10. (*Id*. at 3, ¶6).  In addition, TGSLC cites to a sworn affidavit that it incurred $1,800.00 in attorney's fees and $510.00 in court costs in prosecuting this action.  (*Id*. at 7-8, ¶¶3, 5).  Based on this evidence, TGSLC has met its burden to show that there is no genuine issue of material fact that it is entitled to collect $6,510.10 from Arrangements for violations under 20 U.S.C. § 1095a. *Celotex*, 477 U.S. at 323.

The burden now shifts to Arrangements to direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial concerning TGSLC's claim.  *Id.* at 324.  Arrangements did not respond to TGSLC's motion for summary judgment.  The Court therefore accepts TGSLC's evidence as undisputed.  *Thompson*, 258 F. Supp.2d at 515.  Additionally, in its answer to the complaint Arrangements admitted that it received a wage withholding order from TGSLC but that it failed to remit all required payments in accordance with this order.  (Docket #5 at  ¶¶6, 7; *see* docket #1 at ¶¶10, 11).  Because Arrangements did not meet its burden to establish a genuine issue of material fact for trial concerning TGSLC's claim for $6,510.10 in ungarnished wages, attorney's fees, and court costs under 20 U.S.C. § 1095a, *Celotex*, 477 U.S. at 322-23, TGSLC is entitled to summary judgment.

**B.**      **Injunctive Relief**

TGSLC seeks an injunction to require Arrangements to withhold and remit the proper

amount of money from Thurman until the defaulted student loan is either paid in full or until Thurman no longer works for Arrangements.

To obtain permanent injunctive relief,

> [a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *ITT Educational Services, Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008). A permanent injunction is generally only granted where a trial court has issued a decision on the merits of a case. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396 (1981).

With regards to the first and second elements, injunctive relief generally is not appropriate to secure post-judgment legal relief in the form of money damages. *Federal Sav. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554, 560 (1987). However, an "injury is irreparable and there is no adequate remedy at law [if] a multiplicity of suits would be required to gain relief.'" *Id.* at 561 (*quoting Lynch Corp. v. Omaha Nat'l Bank*, 666 F.2d 1208, 1212 (8th Cir. 1981)). In this case, TGSLC contends that it would need to initiate an additional action for each withholding payment Arrangements failed to remit. Given that it will take several years to remit the $4,210.10 in wages that should have been withheld but were not (*see* Mot. App. at 6, ¶6), this would amount to dozens of such actions. Accordingly, the Court finds that TGSLC has satisfied the first and second elements. *Dixon*, 835 F.2d at 561.

As for the third element, the balance of hardships, an injunction requires Arrangements to do no more or less than what is required pursuant to the Amended Order requiring that 15% of

Thurman's disposable pay be withheld from each paycheck. Without an injunction, TGSLC would need to file repeated law suits to collect on unremitted withholding payments. TGSLC has demonstrated that the balance of hardships favors granting an injunction.

Finally, public policy strongly favors repayment of student loans to insure that funds continue to be available to help future students. *In re Shaffer*, 237 B.R. 617, 620 (Bankr. N.D. Tex. 1999). TGSLC has therefore established the fourth element.

Accordingly, the Court finds that TGSLC has established the four elements necessary to obtain injunctive relief. *eBay*, 547 U.S. at 391. Arrangements did not respond to the motion for summary judgment on this claim and therefore failed to create a genuine issue of material fact for trial. Summary judgment in favor of TGSLC is therefore appropriate on this second claim for relief.

## IV.  CONCLUSION

The *Motion for Summary Judgment of Texas Guaranteed Student Loan Corporation* (docket #33) is **GRANTED**.

**SO ORDERED** on this 2nd day of July, 2009.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE